# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**TAMMY LYNN WILSON**                                                  **PLAINTIFF**

v.                           **No. 4:18-CV-00446-JM-JTK**

**NANCY A. BERRYHILL,**
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Tammy Wilson applied for social security disability benefits with an amended alleged onset date of August 31, 2014. (R. at 89). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 34). The Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Wilson has requested judicial review.

For the reasons stated below, the undersigned magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Wilson had the severe impairments of degenerative disk disease, fibromyalgia, carpal tunnel syndrome, mild small airway disease, sleep apnea, coronary artery spasm, plantar fasciitis, depression, and obesity. (R. at 14). The ALJ then found that Wilson's impairments left her with the residual functional capacity (RFC) to perform light work except that she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequently handle and finger; and perform only unskilled work. (R. at 18). The RFC precluded Wilson's past relevant work. (R. at 32). However, a vocational expert (VE) testified that a person with Wilson's age, education, work experience, and RFC could perform jobs such as cleaner-housekeeping or power screwdriver operator. (R. at 33–34). The ALJ therefore held that Wilson was not disabled. (R. at 34).

**II.     Discussion**

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Wilson argues that the ALJ failed to account for her moderate limitations in concentration, persistence, or pace in the RFC despite finding such limitations at step three and that the RFC is not supported by substantial evidence on the record as a whole. As the undersigned finds that the ALJ failed to account Wilson's moderate limitations in concentration, persistence, or pace, it is not necessary to reach her other point.

The ALJ found at step three of the evaluative process that Wilson had moderate limitations in the domain of concentration, persistence, or pace. (R. at 17). Wilson argues that the RFC's only mental limitation, which restricts her to unskilled work, is insufficient to account for moderate limitations in this domain.

The Commissioner argues that the Eighth Circuit has held that moderate difficulties in maintaining concentration, persistence, or pace are consistent with being able to understand, remember, and carry out simple instructions. *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018). This is correct, but it is inapposite. The ALJ in this case only limited Wilson to unskilled work with no other mental limitations. (R. at 18). The ALJ did not limit Wilson to understanding, remembering, and carrying out simple instructions. This case falls in line with the Eighth Circuit's older decision in *Newton v. Chater*, where the court held that a limitation to simple work did not sufficiently account for moderate limitations in concentration, persistence, or pace. 92 F.3d 688, 695 (8th Cir. 1996).

The rest of the Commissioner's argument on this point is that the evidence on the record as a whole supports a limitation to unskilled work. However, that is not the problem with the ALJ's decision. The ALJ's decision is internally inconsistent, and that is, in itself, error worthy of remand. If the ALJ had not found moderate limitations in concentration, persistence, or pace, the Commissioner's argument that the evidence supports the RFC would be relevant. However, Wilson's argument is that the RFC does not contain limitations related to the difficulties found by the ALJ. The undersigned must agree with Wilson and recommend reversal.

III.    **Recommended Disposition**

The ALJ failed to properly account for moderate limitations with regard to concentration, persistence, or pace. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to redetermine Wilson's RFC with proper limitations relating to all of her medically determinable impairments.

Dated this 5th day of February, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE